# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | CASE NO. 3:03CR 249(RNC) |
| SOURASAY SIKHOUNMEUANG<br>19 Scoville Street<br>Torrington, CT 06790 | Jonathan Biran, Assistant U.S. Attorney<br><br>Terence S. Ward<br>Defendant's Attorney |
| SSN:           DOB: | |

FILED
2004 NOV 29 A 8: 09
U.S. DISTRICT COURT
HARTFORD, CT.

The defendant waived indictment and pled guilty to counts one and two of an information. Accordingly, the defendant is adjudged guilty of counts one and two, which involve the following offenses:

Title & Section: 18 U.S.C. § 371                                           Count: one
Nature of Offense: Conspiracy to Commit Marriage Fraud
Date Offense Concluded: March 21, 2003

Title & Section: 8 U.S.C. § 1325(c) and 18 U.S.C. § 2     Count: two
Nature of Offense: Marriage Fraud
Date Offense Concluded: June 2002

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The court departs downward under the Sentencing Guidelines, on the motion of the Government, pursuant to U.S.S.G. §5K1.1. The defendant is hereby sentenced to probation for a term of 3 years on count one and 3 years on count two of the information, the two terms to run concurrently with the following special conditions: (1) the defendant will participate in a program of community service for a total of 200 hours at a rate of 12 hours per month under the direction of the Probation Office; and (2) the defendant will participate in a program of mental health evaluation, counseling, and treatment, including evaluation and counseling for a gambling disorder, under the direction of the Probation Office; the defendant will pay all, or a portion of, the costs associated with any such treatment based on his ability to pay, in an amount to be determined by the Probation Office.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side are also imposed.

The defendant will pay a special assessment of $100 for counts one and two for a total special assessment of $200, which will be due immediately.

It is so ordered.

November 18, 2004
Date of Imposition of Sentence

Robert N. Chatigny, U.S.D.J    Date: November 18, 2004

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
    Deputy Clerk

## STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

-------------------------------------------------------------------------------

### RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

                                          _John F. Bardelli_____
                                          United States Marshal

                                          By:_____
                                          Deputy Marshal